# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CORETEK LICENSING LLC,

     *Plaintiff*,

v.

FREECONFERENCECALL.COM, INC.,

     *Defendant*.

C.A. No: 1-20-cv-01597-MN-CJB

PATENT CASE

JURY TRIAL DEMANDED

## DEFENDANT FREE CONFERENCING CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Free Conferencing Corporation ("Free Conferencing")[1] files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Coretek Licensing LLC's ("Plaintiff" or "Coretek") Complaint. Free Conferencing denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[2]

### NATURE OF THE ACTION

1.     Free Conferencing admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq.*, and that Plaintiff purports to seek damages and injunctive relief. Free Conferencing further admits that a purported copy of U.S. Patent No. 7,373,515 (the "'515 patent") is attached to the Complaint as Exhibit A. Free Conferencing denies it has committed or is committing acts of infringement and

---

[1] Coretek Licensing LLC sued and served the incorrect entity. There is no entity called "FreeConferenceCall.com, Inc." If Coretek intended to serve Free Conferencing Corporation, it did so improperly. Further, Free Conferencing Corporation is the incorrect entity in this suit because the Accused Product is owned by CarrierX, LLC. Despite Coretek's improper service and incorrect party naming, Free Conferencing Corporation is responding to Coretek's lawsuit.

[2] For avoidance of doubt, Free Conferencing denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

denies Plaintiff is entitled to any relief. Free Conferencing denies any remaining allegations in Paragraph 1 of the Complaint.

## PARTIES

2. Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3. Free Conferencing admits that it is a corporation organized under the laws of Delaware, having an address at 4300 East Pacific Coast Highway, Long Beach, California 90804. Free Conferencing further admits that Free Conferencing may be served with process c/o National Registered Agents, Inc., 1209 Orange Street, Wilmington, Delaware 19801.

4. Free Conferencing admits that it operates the website accessible at www.freeconferencecall.com ("FreeConferenceCall Website") and that it conducts business through the FreeConferenceCall Website in this judicial district. Free Conferencing denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

5. Free Conferencing admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq.*, but Free Conferencing denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

6. Free Conferencing admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Free Conferencing does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. Free Conferencing admits that it conducts business in this judicial district. Free Conferencing denies it has committed or is committing acts of infringement

2

and denies Plaintiff is entitled to any relief. Free Conferencing denies any remaining allegations in Paragraph 8 of the Complaint.

8.     Free Conferencing does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. Free Conferencing admits that it conducts business in this judicial district. Free Conferencing denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Free Conferencing denies any remaining allegations in Paragraph 9 of the Complaint.

9.     Free Conferencing denies the allegations in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10.     Free Conferencing admits that a purported copy of the '512 Patent is attached to the Complaint as Exhibit A, and that the face of the patent indicates that it is entitled "METHOD OF ENABLING A WIRELESS DEVICE TO MAKE A NETWORK CONNECTION WITHOUT USING A NETWORK OPERATOR'S HOME LOCATION REGISTER." Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies them.

11.     Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12.     Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13.     Free Conferencing denies that the claims of the '512 Patent comprise any "invention," and on the basis, denies the allegations in Paragraph 13.

14.     Free Conferencing admits that the '512 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 14 of the Complaint.

15.     Free Conferencing admits that the '512 Patent speaks for itself, but denies any characterizations inconsistent therewith.

16.     Free Conferencing admits that the '512 Patent speaks for itself, but denies any characterizations inconsistent therewith.

17.     Free Conferencing denies the allegations in Paragraph 17 of the Complaint.

18.     Free Conferencing admits that the '512 Patent speaks for itself, but denies any characterizations inconsistent therewith.

19.     Free Conferencing denies the allegations in Paragraph 19 of the Complaint.

20.     Free Conferencing admits that the '512 Patent speaks for itself, but denies any characterizations inconsistent therewith.

21.     Free Conferencing denies the allegations in Paragraph 21 of the Complaint.

22.     Free Conferencing admits that a purported copy of the '154 Patent is attached to the Complaint as Exhibit B, and that the face of the patent indicates that it is entitled "METHOD OF ENABLING A WIRELESS DEVICE TO MAKE A NETWORK CONNECTION WITHOUT USING A NETWORK OPERATOR'S HOME LOCATION REGISTER." Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore denies them.

23.     Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

24.     Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.     Free Conferencing denies that the claims of the '154 Patent comprise any "invention," and on the basis, denies the allegations in Paragraph 25.

26.     Free Conferencing denies the allegations in Paragraph 26 of the Complaint.

27.     Free Conferencing admits that the '154 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 27 of the Complaint.

28.     Free Conferencing admits that the '154 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 28 of the Complaint.

29.     Free Conferencing denies the allegations in Paragraph 29 of the Complaint.

30.     Free Conferencing admits that the '154 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 30 of the Complain.

31.     Free Conferencing denies the allegations in Paragraph 31 of the Complaint.

32.     Free Conferencing admits that the '154 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 32 of the Complain.

33.     Free Conferencing denies the allegations in Paragraph 33 of the Complaint.

34.     Free Conferencing admits that the '154 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 34 of the Complain.

35.     Free Conferencing denies the allegations in Paragraph 35 of the Complaint.

36.     Free Conferencing admits that a purported copy of the '575 Patent is attached to the Complaint as Exhibit C, and that the face of the patent indicates that it is entitled "DYNAMIC VOIP LOCATION SYSTEM." Free Conferencing is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 36, and therefore denies them.

37.     Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

38.     Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39.     Free Conferencing denies that the claims of the '575 Patent comprise any "invention," and on the basis, denies the allegations in Paragraph 39.

40.     Free Conferencing denies the allegations in Paragraph 40 of the Complaint.

41.     Free Conferencing admits that the '575 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 41 of the Complain.

42.     Free Conferencing denies the allegations in Paragraph 42 of the Complaint.

43.     Free Conferencing admits that a purported copy of the '551 Patent is attached to the Complaint as Exhibit D, and that the face of the patent indicates that it is entitled "METHOD OF ENABLING A WIRELESS DEVICE TO MAKE A NETWORK CONNECTION WITHOUT USING A NETWORK OPERATOR'S HOME LOCATION REGISTER." Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and therefore denies them.

44.     Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

45.     Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

46.     Free Conferencing denies the allegations in Paragraph 47 of the Complaint.

47.     Free Conferencing denies the allegations in Paragraph 48 of the Complaint.

48.     Free Conferencing admits that the '551 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 48 of the Complaint.

49.     Free Conferencing admits that the '551 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 49 of the Complaint.

50.     Free Conferencing admits that the '551 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 50 of the Complaint.

51.     Free Conferencing admits that the '551 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 51 of the Complaint.

52.     Free Conferencing admits that the '551 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 52 of the Complaint.

53.     Free Conferencing admits that the '551 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 53 of the Complaint.

54.     Free Conferencing admits that the '551 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 54 of the Complaint.

55.     Free Conferencing admits that the '551 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 55 of the Complaint.

56.     Free Conferencing denies the allegations in Paragraph 56 of the Complaint.

57.     Free Conferencing admits that the '551 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 57 of the Complaint.

58.     Free Conferencing denies the allegations in Paragraph 58 of the Complaint.

59.     Free Conferencing admits that the '551 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 59 of the Complaint.

60.     Free Conferencing denies the allegations in Paragraph 60 of the Complaint.

61.     Free Conferencing admits that the '551 Patent speaks for itself, but denies any characterizations inconsistent therewith. Free Conferencing denies any remaining allegations in Paragraph 61 of the Complaint.

62.     Free Conferencing denies the allegations in Paragraph 62 of the Complaint.

<u>**DEFENDANTS [ALLEGED] PRODUCT(S)**</u>

<u>**U.S. 8,861,512**</u>

63.     Free Conferencing admits that it offers solutions such as "FreeConferenceCall" communications software, but denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

64.     Free Conferencing admits that a claim chart is attached to the Complaint as Exhibit E, but denies it has committed or is committing acts of infringement and denies Plaintiff is entitled

to any relief. Free Conferencing denies any remaining allegations in Paragraph 64 of the Complaint.

65.     Free Conferencing denies the allegations in Paragraph 65 of the Complaint.

66.     Free Conferencing denies the allegations in Paragraph 66 of the Complaint.

67.     Free Conferencing denies the allegations in Paragraph 67 of the Complaint.

68.     Free Conferencing denies the allegations in Paragraph 68 of the Complaint.

69.     Free Conferencing denies the allegations in Paragraph 69 of the Complaint.

70.     Free Conferencing denies the allegations in Paragraph 70 of the Complaint.

71.     Free Conferencing denies the allegations in Paragraph 71 of the Complaint.

72.     Free Conferencing denies the allegations in Paragraph 72 of the Complaint.

73.     Free Conferencing denies the allegations in Paragraph 73 of the Complaint.

74.     Free Conferencing denies the allegations in Paragraph 74 of the Complaint.

75.     Free Conferencing denies the allegations in Paragraph 75 of the Complaint.

76.     Free Conferencing denies the allegations in Paragraph 76 of the Complaint.

77.     Free Conferencing denies the allegations in Paragraph 77 of the Complaint.

78.     Free Conferencing denies the allegations in Paragraph 78 of the Complaint.

## **U.S. 9,173,154**

79.     Free Conferencing admits that it offers solutions such as "FreeConferenceCall" communications software, but denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

80.     Free Conferencing admits that a claim chart is attached to the Complaint as Exhibit F, but denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Free Conferencing denies any remaining allegations in Paragraph 80 of the Complaint.

81.     Free Conferencing denies the allegations in Paragraph 81 of the Complaint.

82.     Free Conferencing denies the allegations in Paragraph 82 of the Complaint.

83.     Free Conferencing denies the allegations in Paragraph 83 of the Complaint.

84.     Free Conferencing denies the allegations in Paragraph 84 of the Complaint.

85.     Free Conferencing denies the allegations in Paragraph 85 of the Complaint.

86.     Free Conferencing denies the allegations in Paragraph 86 of the Complaint.

87.     Free Conferencing denies the allegations in Paragraph 87 of the Complaint.

88.     Free Conferencing denies the allegations in Paragraph 88 of the Complaint.

89.     Free Conferencing denies the allegations in Paragraph 89 of the Complaint.

90.     Free Conferencing denies the allegations in Paragraph 90 of the Complaint.

91.     Free Conferencing denies the allegations in Paragraph 91 of the Complaint.

92.     Free Conferencing denies the allegations in Paragraph 92 of the Complaint.

93.     Free Conferencing denies the allegations in Paragraph 93 of the Complaint.

94.     Free Conferencing denies the allegations in Paragraph 94 of the Complaint.

95.     Free Conferencing denies the allegations in Paragraph 95 of the Complaint.

96.     Free Conferencing denies the allegations in Paragraph 96 of the Complaint.

97.     Free Conferencing denies the allegations in Paragraph 97 of the Complaint.

98.     Free Conferencing denies the allegations in Paragraph 98 of the Complaint.

## U.S. 9,369,575

99.     Free Conferencing does not contest that it offers solutions such as "FreeConferenceCall App" communications smartphone application, but denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

100.     Free Conferencing admits that a claim chart is attached to the Complaint as Exhibit G, but denies it has committed or is committing acts of infringement and denies Plaintiff is entitled

to any relief. Free Conferencing denies any remaining allegations in Paragraph 100 of the Complaint.

101. Free Conferencing denies the allegations in Paragraph 101 of the Complaint.

102. Free Conferencing denies the allegations in Paragraph 102 of the Complaint.

103. Free Conferencing denies the allegations in Paragraph 103 of the Complaint.

104. Free Conferencing denies the allegations in Paragraph 104 of the Complaint.

105. Free Conferencing denies the allegations in Paragraph 105 of the Complaint.

106. Free Conferencing denies the allegations in Paragraph 106 of the Complaint.

107. Free Conferencing denies the allegations in Paragraph 107 of the Complaint.

108. Free Conferencing denies the allegations in Paragraph 108 of the Complaint.

## U.S. 9,951,551

109. Free Conferencing does not contest that it offers solutions such as "FreeConferenceCall" communications software, but denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

110. Free Conferencing admits that a claim chart is attached to the Complaint as Exhibit H, but denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Free Conferencing denies any remaining allegations in Paragraph 110 of the Complaint.

111. Free Conferencing denies the allegations in Paragraph 111 of the Complaint.

112. Free Conferencing denies the allegations in Paragraph 112 of the Complaint.

113. Free Conferencing denies the allegations in Paragraph 113 of the Complaint.

114. Free Conferencing denies the allegations in Paragraph 114 of the Complaint.

115. Free Conferencing denies the allegations in Paragraph 115 of the Complaint.

116. Free Conferencing denies the allegations in Paragraph 116 of the Complaint.

117.     Free Conferencing denies the allegations in Paragraph 117 of the Complaint.

118.     Free Conferencing denies the allegations in Paragraph 118 of the Complaint.

119.     Free Conferencing denies the allegations in Paragraph 119 of the Complaint.

120.     Free Conferencing denies the allegations in Paragraph 120 of the Complaint.

121.     Free Conferencing denies the allegations in Paragraph 121 of the Complaint.

122.     Free Conferencing denies the allegations in Paragraph 122 of the Complaint.

123.     Free Conferencing denies the allegations in Paragraph 123 of the Complaint.

124.     Free Conferencing denies the allegations in Paragraph 124 of the Complaint.

125.     Free Conferencing denies the allegations in Paragraph 125 of the Complaint.

126.     Free Conferencing denies the allegations in Paragraph 126 of the Complaint.

127.     Free Conferencing denies the allegations in Paragraph 127 of the Complaint.

128.     Free Conferencing denies the allegations in Paragraph 128 of the Complaint.

129.     Free Conferencing denies the allegations in Paragraph 129 of the Complaint.

130.     Free Conferencing denies the allegations in Paragraph 130 of the Complaint.

131.     Free Conferencing denies the allegations in Paragraph 131 of the Complaint.

132.     Free Conferencing denies the allegations in Paragraph 132 of the Complaint.

133.     Free Conferencing denies the allegations in Paragraph 133 of the Complaint.

134.     Free Conferencing denies the allegations in Paragraph 134 of the Complaint.

## [ALLEGED] INFRINGEMENT OF THE PATENT-IN-SUIT

135.     Free Conferencing incorporates by reference each of its responses set forth in Paragraphs 1-134 above as if fully set forth herein.

136.     Free Conferencing denies the allegations in Paragraph 136 of the Complaint.

137.     Free Conferencing denies the allegations in Paragraph 137 of the Complaint.

138.     Free Conferencing denies the allegations in Paragraph 138 of the Complaint.

139.    Free Conferencing denies the allegations in Paragraph 139 of the Complaint.

140.    Free Conferencing denies the allegations in Paragraph 140 of the Complaint.

141.    Free Conferencing denies the allegations in Paragraph 141 of the Complaint.

142.    Free Conferencing denies the allegations in Paragraph 142 of the Complaint.

143.    Free Conferencing denies the allegations in Paragraph 143 of the Complaint.

144.    Free Conferencing admits that claim charts are attached to the Complaint as Exhibits E, F, G, but denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Free Conferencing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, and therefore denies them.

## [PLAINTIFF'S] JURY DEMAND

145.    Plaintiff's Jury Demand does not contain any allegations and therefore does not require a response. To the extent a response is required, Free Conferencing denies those allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Free Conferencing denies that Plaintiff is entitled to any judgment against Free Conferencing and/or an order granting relief in any of the forms requested in parts A-G.

## FREE CONFERENCING'S AFFIRMATIVE DEFENSES

In addition to answering the Complaint, Free Conferencing asserts the following affirmative defenses. Free Conferencing reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

Free Conferencing has not infringed and does not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly (whether

individually or jointly), or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the '512, '154, '575, '551 Patents (the "Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Free Conferencing's actions allegedly infringe the Asserted Patents, Free Conferencing is not liable to Plaintiff for the acts alleged to have been performed before Free Conferencing received actual notice that it was allegedly infringing the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Free Conferencing indirectly infringes, either by contributory infringement or inducement of infringement, Free Conferencing is not liable to Plaintiff for the acts alleged to have been performed before Free Conferencing knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the Asserted Patents do not claim patent eligible subject matter under 35 U.S.C. § 101.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or

process practiced by Free Conferencing performs: (1) "initiate a network connection without using a network operator's home location register that covers the region"; (2) "us[e] a module that is responsible for contacting a server to communicate with the server over a wireless link, wherein the device includes the module that is implemented as software and that is downloadable to the device"; (3) "[use] the module to send, over the wireless link, data to the server that defines a call request"; (4) "in response to a call request, [have] a software application running on the server deciding on the appropriate routing to a third party end-user over all available networks for that call request without using the network operator's home or visitor location register,"; (5) "establish[] and control[] communication between the device and the server"; and/or (6) "initiate a network connection without using a network operator's home location register, wherein the server includes a software application that functions as a calls manager," as required by at least claims 1, 12, 23, and/or 24 of the '515 Patent; (1) "initiate a network connection without using a network operator's home location register that covers that region"; (2) "us[e] a module that is responsible for contacting a server to communicate with the server over a wireless link"; (3) "us[e] the module to send, over the wireless link, data to the server that defines a call request"; (4) "in response to the call request, [have] a software application running on the server deciding on the appropriate routing to a third party end-user over all available networks for that call request without using the network operator's home or visitor location register"; (5) "establish[] and control[] communication between the device and the server"; and/or (6) "communicate with the server to initiate a network connection without using a network operator's home location register," as required by at least claims 1, 11, 22, 23, and 24 of the '154 Patent; and (1) "detect[] or determin[e] any given 'VoIP (Voice over internet protocol) location' of any 'VoIP enabled wireless device registered to the system' by extracting any such device's 'VoIP address or return path' and storing

it and updating it in one or more accessible databases"; (2) "adapt[] to receive VoIP communications from multiple VoIP enabled wireless devices"; (3) "extract[] and report[] dynamically the 'VoIP address or return path' and all associated information from each incoming data communication from any 'VoIP enabled wireless device registered to the system' into a database(s) associated with each corresponding registered VoIP enabled wireless device user account"; (4) "extract[] a specific 'VoIP address or return path' and all associated information corresponding to a specific registered VoIP enabled wireless device registered to the system through each specific 'VoIP address or return path'"; and/or (5) at "a time between each time interval of the registered VoIP enabled wireless device authenticat[e] and connect[] with the server is less than a time allowed by the registered VoIP enabled wireless device to receive a response from the server," as required by at least claim 1 of the '575 Patent; and (1) "initiate a network connection without using a network operator's home location register that covers that region"; (2) "contact a server to communicate with the server over a wireless link"; (3) "send, over the wireless link, data to the server that defines a call request; wherein, in response to the call request, a software application running on the server decides on the appropriate routing to a 3rd party end-user for that call request without using the network operator's home or visitor location register"; (4) "decide[] on the appropriate routing to a 3rd party end-user for that call request without using the network operator's home or visitor location register"; and/or (5) "embed[] in [to] the wireless device," as required by at least claims 1, 3, 4, 5, 7, 9, 12, 14, 22, 23, and/or 24 of the '551 Patent.

SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Free Conferencing infringes under a theory of joint infringement, Free Conferencing is not liable to Plaintiff. Free Conferencing does not provide or perform each element of any claim of the Asserted Patents, and any actions of third parties accused by Plaintiff are not attributable to Free Conferencing.

16

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff attempted enforcement of the Asserted Patents against Free Conferencing is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Asserted Patents and/or applications related thereto, from asserting any interpretations of any valid, enforceable claims of the Asserted Patents that would be broad enough to cover any activity of Free Conferencing, either literally or by application of the doctrine of equivalents.

**FREE CONFERENCING CORPORATION'S COUNTERCLAIMS**

For its counterclaims against Counterclaim Defendant Coretek Licensing LLC's ("Coretek"), Counterclaim Plaintiff Free Conferencing Corporation ("Free Conferencing") alleges as follows:

**PARTIES**

1.      Free Conferencing is a corporation organized under the laws of Delaware, with a business address located at 4300 East Pacific Coast Highway, Long Beach, California 90804.

2.      Upon information and belief based solely on paragraph 2 of the Complaint as pled by Plaintiff, Coretek is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business at 2018 Dallas Parkway – Suite 214-1051, Plano, Texas 75093-4362.

## JURISDICTION

3.      Free Conferencing incorporates by reference paragraphs 1-2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Coretek has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATION REGARDING
## NON-INFRINGEMENT OF U.S. PAT. NO. 8,861,512

7.      Free Conferencing incorporates by reference paragraphs 1-6 above.

8.      Based on the filing of this action and at least Free Conferencing's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Free Conferencing infringes U.S. Patent No. 8,861,512 (the "'512 Patent").

9.      Free Conferencing does not infringe at least Claims 1, 12, 23, or 24 of the '512 Patent because, *inter alia*, the accused system does not: (1) "initiate a network connection without using a network operator's home location register that covers the region"; (2) "us[e] a module that is responsible for contacting a server to communicate with the server over a wireless link, wherein the device includes the module that is implemented as software and that is downloadable to the

device"; (3) "[use] the module to send, over the wireless link, data to the server that defines a call request"; (4) "in response to a call request, [have] a software application running on the server deciding on the appropriate routing to a third party end-user over all available networks for that call request without using the network operator's home or visitor location register,"; (5) "establish[] and control[] communication between the device and the server"; and/or (6) "initiate a network connection without using a network operator's home location register, wherein the server includes a software application that functions as a calls manager."

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Free Conferencing requests a declaration by the Court that Free Conferencing has not infringed and does not infringe any claim of the '512 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II: NON-INFRINGEMENT OF U.S. PAT. NO. 9,173,154

11.     Free Conferencing incorporates by reference paragraphs 1-10 above.

12.     Based on the filing of this action and at least Free Conferencing's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Free Conferencing infringes U.S. Patent No. 9,173,154 (the "'154 Patent").

13.     Free Conferencing does not infringe at least Claims 1, 11, 22, 23, and/or 24 of the '154 Patent because, *inter alia*, the accused system does not: (1) "initiate a network connection without using a network operator's home location register that covers that region"; (2) "us[e] a module that is responsible for contacting a server to communicate with the server over a wireless link"; (3) "us[e] the module to send, over the wireless link, data to the server that defines a call request"; (4) "in response to the call request, [have] a software application running on the server deciding on the appropriate routing to a third party end-user over all available networks for that call request without using the network operator's home or visitor location register"; (5) "establish[]

and control[] communication between the device and the server"; and/or (6) "communicate with the server to initiate a network connection without using a network operator's home location register."

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Free Conferencing requests a declaration by the Court that Free Conferencing has not infringed and does not infringe any claim of the '154 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

### COUNT III: NON-INFRINGEMENT OF U.S. PAT. NO. 9,369,575

15.     Free Conferencing incorporates by reference paragraphs 1-6 above.

16.     Based on the filing of this action and at least Free Conferencing's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Free Conferencing infringes U.S. Patent No. 9,369,575 (the "'575 Patent").

17.     Free Conferencing does not infringe at least Claim 1 of the '575 Patent because, *inter alia*, the accused system does not: (1) "detect[] or determin[e] any given 'VoIP (Voice over internet protocol) location' of any 'VoIP enabled wireless device registered to the system' by extracting any such device's 'VoIP address or return path' and storing it and updating it in one or more accessible databases"; (2) "adapt[] to receive VoIP communications from multiple VoIP enabled wireless devices"; (3) "extract[] and report[] dynamically the 'VoIP address or return path' and all associated information from each incoming data communication from any 'VoIP enabled wireless device registered to the system' into a database(s) associated with each corresponding registered VoIP enabled wireless device user account"; (4) "extract[] a specific 'VoIP address or return path' and all associated information corresponding to a specific registered VoIP enabled wireless device registered to the system through each specific 'VoIP address or return path'"; and/or (5) at "a time between each time interval of the registered VoIP enabled wireless device

authenticat[e] and connect[] with the server is less than a time allowed by the registered VoIP enabled wireless device to receive a response from the server."

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Free Conferencing requests a declaration by the Court that Free Conferencing has not infringed and does not infringe any claim of the '575 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

### COUNT IV: NON-INFRINGEMENT OF U.S. PAT. NO. 9,591,551

19.     Free Conferencing incorporates by reference paragraphs 1-6 above.

20.     Based on the filing of this action and at least Free Conferencing's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Free Conferencing infringes U.S. Patent No. 9,591,551 (the "'551 Patent").

21.     Free Conferencing does not infringe at least Claims 1, 3, 4, 5, 7, 9, 12, 14, 22, 23, 24 of the '551 Patent because, *inter alia*, the accused system does not: (1) "initiate a network connection without using a network operator's home location register that covers that region"; (2) "contact a server to communicate with the server over a wireless link"; (3) "send, over the wireless link, data to the server that defines a call request; wherein, in response to the call request, a software application running on the server decides on the appropriate routing to a 3rd party end-user for that call request without using the network operator's home or visitor location register"; (4) "decide[] on the appropriate routing to a 3rd party end-user for that call request without using the network operator's home or visitor location register"; and/or (5) "embed[] in [to] the wireless device"

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Free Conferencing requests a declaration by the Court that Free Conferencing has not infringed and does not infringe any claim of the '551 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT VI: DECLARATION REGARDING
## INVALIDITY OF U.S. PAT. NO. 8,861,512

23.     Free Conferencing incorporates by reference paragraphs 1-10 above.

24.     Based on the filing of this action and at least Free Conferencing's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '512 Patent.

25.     The claims of the '512 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. US 7,486,684, 2007/0036151, and 8,204,044. Free Conferencing reserves the right to assert additional prior art and/or other invalidity defenses against the '512 Patent in accordance with the Court's Local Patent Rules.

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Free Conferencing requests a declaration by the Court that claims of the '515 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT VII: DECLARATION REGARDING
## INVALIDITY OF U.S. PAT. NO. 9,173,154

27.     Free Conferencing incorporates by reference paragraphs 1-10 above.

28.     Based on the filing of this action and at least Free Conferencing's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '154 Patent.

29.     The claims of the '154 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§

102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. US 7,486,684, 2007/0036151, and 8,204,044. Free Conferencing reserves the right to assert additional prior art and/or other invalidity defenses against the '154 Patent in accordance with the Court's Local Patent Rules.

30.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Free Conferencing requests a declaration by the Court that claims of the '515 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### COUNT VIII: DECLARATION REGARDING INVALIDITY OF U.S. PAT. NO. 9,369,575

31.     Free Conferencing incorporates by reference paragraphs 1-10 above.

32.     Based on the filing of this action and at least Free Conferencing's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '575 Patent.

33.     The claims of the '575 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. US 7,486,684, 2007/0036151, and 8,204,044. Free Conferencing reserves the right to assert additional prior art and/or other invalidity defenses against the '575 Patent in accordance with the Court's Local Patent Rules.

34.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Free Conferencing requests a declaration by the Court that claims of the '515 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including

without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**COUNT IX: DECLARATION REGARDING**
**INVALIDITY OF U.S. PAT. NO. 9,591,551**

35.     Free Conferencing incorporates by reference paragraphs 1-10 above.

36.     Based on the filing of this action and at least Free Conferencing's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '551 Patent.

37.     The claims of the '551 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos., U.S. Patent Nos. US 7,486,684, 2007/0036151, and 8,204,044. Free Conferencing reserves the right to assert additional prior art and/or other invalidity defenses against the '551 Patent in accordance with the Court's Local Patent Rules.

38.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., Free Conferencing requests a declaration by the Court that claims of the '515 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Free Conferencing asks this Court to enter judgment in Free Conferencing's favor and against Coretek by granting the following relief:

a)   a declaration that the Asserted Patents are invalid;

24

b) a declaration that Free Conferencing does not infringe, under any theory, any valid claim of the Asserted Patents that may be enforceable;

c) a declaration that Coretek take nothing by its Complaint;

d) judgment against Coretek and in favor of Free Conferencing;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Free Conferencing of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Free Conferencing requests a trial by jury on all issues triable of right by a jury.

December 22, 2020                        FISH & RICHARDSON P.C.

*/s/ Jeremy D. Anderson*
Jeremy D. Anderson (#4515)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070 (Telephone)
(302) 652-0607 (Facsimile)
janderson@fr.com

Neil J. McNabnay
Ricardo J. Bonilla
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
mcnabnay@fr.com
rbonilla@fr.com

*ATTORNEYS FOR DEFENDANT*
*FREE CONFERENCING CORPORATION*