**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **CORETEK LICENSING LLC,** | Civil Action No.:  1:20-cv-01597-MN-CJB |
| Plaintiff, | |
| v. | **TRIAL BY JURY DEMANDED** |
| **FREECONFERENCECALL.COM, INC.,** | |
| Defendant. | |

## FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF PATENT

Now comes, Plaintiff, Coretek Licensing LLC ("Plaintiff" or "Coretek"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant FreeConferenceCall.com, Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No 8,861,512 ("the '512 Patent"), U.S. Patent No. 9,173,154 ("the '154 Patent"), U.S. Patent No. 9,369,575 ("the '575 Patent"), and U.S. Patent No. 9,591,551 ("the '551 Patent") (collectively the "Patents-in-Suit"), which are attached hereto as Exhibits A, B, C, and D, respectively, and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.      Plaintiff is a Texas limited liability company with its principal place of business at 2018 Dallas Parkway – Suite 214-1051, Plano, Texas 75093-4362.

3.      Upon information and belief, Defendant is a corporation organized under the laws of Delaware, with a principal place of business at 4300 East Pacific Coast Highway, Long Beach, California 90804. Upon information and belief, Defendant may be served with process c/o National Registered Agents, Inc., 1209 Orange Street, Wilmington, Delaware 19801.

4.      Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.freeconferencecall.com.  Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.freeconferencecall.com, and its incorporated and/or related systems (collectively the "FreeConferenceCall Website").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the FreeConferenceCall Website.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq.*

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) being incorporated in this District.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its incorporation, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10.     On October 14, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '512 Patent, entitled "METHOD OF ENABLING A WIRELESS DEVICE TO MAKE A NETWORK CONNECTION WITHOUT USING A NETWORK OPERATOR'S HOME LOCATION REGISTER" after a full and fair examination. The '512 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11.     Plaintiff is presently the owner of the '512 Patent, having received all right, title and interest in and to the '512 Patent from the previous assignee of record.  Plaintiff possesses all rights of recovery under the '512 Patent, including the exclusive right to recover for past infringement.

12.     To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287 with respect to the '512 Patent.

13.     The invention claimed in the '512 Patent comprises a method, system, and/or server enabling a wireless device to initiate a network connection without using a network operator's home location register.

14.     Claim 1 of the '512 Patent recites a method of enabling a wireless device, located in a region, to initiate a network connection without using a network operator's home location register.

15.     Claim 1 of the '512 Patent states:

> "1. A method of enabling a wireless device, located in a region, to initiate a network connection without using a network operator's home location register that covers that region, comprising the steps of:
>
> (a) the wireless device using a module that is responsible for contacting a server to communicate with the server over a wireless link, wherein the device includes the module that is implemented as software and that is downloadable to the device;
>
> (b) the wireless device using the module to send, over the wireless link, data to the server that defines a call request;
>
> (c) in response to the call request, a software application running on the server deciding on the appropriate routing to a third party end-user over all available networks for that call request without using the network operator's home or visitor location register." See Exhibit A.

16.     Claim 12 of the '512 Patent states:

> "12. The method of claim 1 in which the module establishes and controls communication between the device and the server." See Exhibit A.

17.     Claim 23 of the '512 Patent recites a system comprising a wireless device located in a region and a server for enabling the wireless device to communicate with the server to initiate a network connection without using a network operator's home location.

18.     Claim 23 of the '512 Patent states:

> "23. A system comprising a wireless device located in a region and a server for enabling the wireless device to communicate with the server to

4

initiate a network connection without using a network operator's home location register that covers that region, wherein the server includes a software application that functions as a calls manager, wherein:

(a) the wireless device is operable using a module that is responsible for contacting the server to communicate with the server over a wireless link, wherein the device includes the module that is implemented as software and that is downloadable to the device;

(b) the wireless device is operable using the module to send, over the wireless link, data to the server that defines a call request;

(c) in response to the call request, the calls manager software included on the server is operable to decide on the appropriate routing to a third party end-user over all available networks for that call request without using the network operator's home or visitor location register." See Exhibit A.

19.     Claim 24 of the '512 Patent recites a server for enabling a wireless device to communicate with the server to initiate a network connection without using a network operator's home location register.

20.     Claim 24 of the '512 Patent states:

"24. A server for enabling a wireless device to communicate with the server to initiate a network connection without using a network operator's home location register, wherein the server includes a software application that functions as a calls manager, wherein:

(a) the wireless device is operable using a module that is responsible for contacting the server to communicate with the server over a wireless link, wherein the device includes the module that is implemented as software and that is downloadable to the device;

(b) the wireless device is operable using the module to send, over the wireless link, data to the server that defines a call request;

(c) in response to the call request, the calls manager software included on the server is operable to decide on the appropriate routing to a third party end-user over all available networks for that call request without using that network operator's home or visitor location register." See Exhibit A.

21.     Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '512 Patent. More particularly, Defendant commercializes, inter alia,

methods, systems, and/or servers that perform all the steps recited in Claims 1, 12, 23, and/or 24 of the '512 Patent.  Specifically, Defendant makes, uses, sells, offers for sale, or imports a method, system, and/or server that enables a wireless device to initiate a network connection without using a network operator's home location register that encompasses that which is covered by Claims 1, 12, 23, and/or 24 of the '512 Patent.

22.     On October 27, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '154 Patent, entitled "METHOD OF ENABLING A WIRELESS DEVICE TO MAKE A NETWORK CONNECTION WITHOUT USING A NETWORK OPERATOR'S HOME LOCATION REGISTER" after a full and fair examination. The '154 Patent is attached hereto as Exhibit B and incorporated herein as if fully rewritten.

23.     Plaintiff is presently the owner of the '154 Patent, having received all right, title and interest in and to the '154 Patent from the previous assignee of record.  Plaintiff possesses all rights of recovery under the '154 Patent, including the exclusive right to recover for past infringement.

24.     To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287 with respect to the '154 Patent.

25.     The invention claimed in the '154 Patent comprises a method, system, server, and/or computer product enabling a wireless device to initiate a network connection without using a network operator's home location register.

26.     Claim 1 of the '154 Patent recites a method of enabling a wireless device to initiate a network connection without using a network operator's home location register.

27.     Claim 1 of the '154 Patent states:

> "1. A method of enabling a wireless handheld cellular phone device, located in a region, to initiate a network connection without using

a network operator's home location register that covers that region, comprising the steps of:

(a) the wireless handheld cellular phone device using a module that is responsible for contacting a server to communicate with the server over a wireless link, wherein the wireless handheld cellular phone device includes the module that is implemented as software and that is downloadable to the wireless handheld cellular phone device;

(b) the wireless handheld cellular phone device using the module to send, over the wireless link, data to the server that defines a call request;

(c) in response to the call request, a software application running on the server deciding on the appropriate routing to a 3rd party end-user for that call request without using the network operator's home or visitor location register." See Exhibit B.

28.     Claim 11 of the '154 Patent states:

"11. The method of claim 1 in which the module establishes and controls communication between the device and the server." See Exhibit B.

29.     Claim 22 of the '154 Patent recites a system comprising a wireless handheld cellular phone device located in a region and a server for enabling the wireless handheld cellular phone device to communicate with the server to initiate a network connection without using a network operator's home location register.

30.     Claim 22 of the '154 Patent states:

"22. A system comprising a wireless handheld cellular phone device located in a region and a server for enabling the wireless handheld cellular phone device to communicate with the server to initiate a network connection without using a network operator's home location register that covers that region, wherein the server includes a software application that functions as a calls manager, wherein:

(a) the wireless handheld cellular phone device is operable using a module that is responsible for contacting the server to communicate with the server over a wireless link, wherein the wireless handheld cellular phone device includes the module that is implemented as software and that is downloadable to the wireless handheld cellular phone device;

7

(b) the wireless handheld cellular phone device is operable using the module to send, over the wireless link, data to the server that defines a call request;

(c) in response to the call request, the calls manager software included on the server is operable to decide on the appropriate routing to a 3rd party end-user for that call request without using the network operator's home or visitor location register." See Exhibit B.

31.    Claim 23 of the '154 Patent recites a server for enabling a wireless handheld cellular phone device to communicate with the server to initiate a network connection without using a network operator's home location register.

32.    Claim 23 of the '154 Patent states:

"23. A server for enabling a wireless handheld cellular phone device to communicate with the server to initiate a network connection without using a network operator's home location register, wherein the server includes a software application that functions as a calls manager, wherein:

(a) the wireless handheld cellular phone device is operable using a module that is responsible for contacting the server to communicate with the server over a wireless link, wherein the wireless handheld cellular phone device includes the module that is implemented as software and that is downloadable to the wireless handheld cellular phone device;

(b) the wireless handheld cellular phone device is operable using the module to send, over the wireless link, data to the server that defines a call request;

(c) in response to the call request, the calls manager software included on the server is operable to decide on the appropriate routing to a 3rd party end-user for that call request without using that network operator's home or visitor location register." See Exhibit B.

33.    Claim 24 of the '154 Patent recites a computer program product that enables a wireless handheld cellular phone device to initiate a network connection without using a network operator's home location register.

34.    Claim 24 of the '154 Patent states:

"24. Computer program product embodied on a non-transitory storage medium, the computer program product when executing on a wireless handheld cellular phone device configured to enable the wireless handheld cellular phone device, when located in a region, to initiate a network connection without using a network operator's home location register that covers that region, the computer program product configured to:

(a) contact a server to communicate with the server over a wireless link, and

(b) send, over the wireless link, data to the server that defines a call request;

wherein, in response to the call request, a software application running on the server decides on the appropriate routing to a 3rd party end-user for that call request without using the network operator's home or visitor location register, and wherein the computer program product is downloadable to the wireless handheld cellular phone device." See Exhibit B.

35.     Defendant commercializes, inter alia, methods, systems, servers, and/or computer products that perform all the steps recited in at least one claim of the '154 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claims 1, 11, 22, 23, and/or 24 of the '154 Patent.  Specifically, Defendant makes, uses, sells, offers for sale, or imports a method, system, server, and/or computer product that enables a wireless device to initiate a network connection without using a network operator's home location register that encompasses that which is covered by Claims 1, 11, 22, 23, and/or 24 of the '154 Patent.

36.     On June 14, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '575 Patent, entitled "DYNAMIC VOIP LOCATION SYSTEM" after a full and fair examination. The '575 Patent is attached hereto as Exhibit C and incorporated herein as if fully rewritten.

37.     Plaintiff is presently the owner of the '575 Patent, having received all right, title and interest in and to the '575 Patent from the previous assignee of record.  Plaintiff possesses all rights of recovery under the '575 Patent, including the exclusive right to recover for past infringement.

38.     To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287 with respect to the '575 Patent.

39.     The invention claimed in the '575 Patent comprises a system for detecting or determining any given VoIP (Voice over internet protocol) location of any VoIP enabled wireless device registered to the system.

40.     Claim 1 of the '575 Patent recites a system for detecting or determining any given "VoIP (Voice over internet protocol) location" of any "VoIP enabled wireless device registered to the system".

41.     Claim 1 of the '575 Patent states:

"1. A system for detecting or determining any given "VoIP (Voice over internet protocol) location" of any "VoIP enabled wireless device registered to the system" by extracting any such device's "VoIP address or return path" and storing it and updating it in one or more accessible databases, the system including a server, a VoIP enabled wireless device registered to the server and a software module downloadable from the server to the VoIP enabled wireless device, in which:
(a) the system is adapted to receive VOID communications from multiple VoIP enabled wireless devices;
(b) the system enables access to information in one or more databases;
(c) the system is capable of extracting and reporting dynamically the "VoIP address or return path" and all associated information from each incoming data communication from any "VoIP enabled wireless device registered to the system" into a database(s) associated with each corresponding registered VoIP enabled wireless device user account;
(d) the system is capable of extracting a specific "VoIP address or return path" and all associated information corresponding to a specific

10

registered VOID enabled wireless device user account from the system accessible database(s) and communicating with each specific VoIP enabled wireless device registered to the system through each specific "VoIP address or return path";

(e) in which the VoIP enabled wireless device registered to the server incorporates the software module, which at certain time intervals authenticates and connects to the server which is part of the system, and

(f) wherein a time between each time interval of the registered VoIP enabled wireless device authenticating and connecting with the server is less than a time allowed by the registered VoIP enabled wireless device to receive a response from the server." See Exhibit C.

42. Defendant commercializes, inter alia, systems that perform all the steps recited in at least one claim of the '575 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 1 of the '575 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a system that detects or determines any given VoIP (Voice over internet protocol) location of any VoIP enabled wireless device registered to the system that encompasses that which is covered by Claim 1 of the '575 Patent.

43. On March 7, 2017, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '551 Patent, entitled "METHOD OF ENABLING A WIRELESS DEVICE TO MAKE A NETWORK CONNECTION WITHOUT USING A NETWORK OPERATOR'S HOME LOCATION REGISTER" after a full and fair examination. The '551 Patent is attached hereto as Exhibit D and incorporated herein as if fully rewritten.

44. Plaintiff is presently the owner of the '551 Patent, having received all right, title and interest in and to the '551 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '551 Patent, including the exclusive right to recover for past infringement.

45. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287 with respect to the '551 Patent.

11

46.     The invention claimed in the '551 Patent comprises a method, system, server, and/or computer product enabling a wireless device to initiate a network connection without using a network operator's home location register.

47.     Claim 1 of the '551 Patent recites a computer program product configured to enable the wireless device to initiate a network connection without using a network operator's home location register.

48.     Claim 1 of the '551 Patent states:

"1. Computer program product embodied on a non-transitory storage medium, the computer program product when executing on a wireless device configured to enable the wireless device, when located in a region, to initiate a network connection without using a network operator's home location register that covers that region, the computer program product configured to:

(a) contact a server to communicate with the server over a wireless link, and

(b) send, over the wireless link, data to the server that defines a call request;

wherein, in response to the call request, a software application running on the server decides on the appropriate routing to a 3rd party end-user for that call request without using the network operator's home or visitor location register." See Exhibit D.

49.     Claim 3 of the '551 Patent states:

"3. Computer program product of claim 1, wherein the computer program product is downloadable to the wireless device." See Exhibit D.

50.     Claim 4 of the '551 Patent states:

"4. Computer program product of claim 1, wherein the computer program product is embedded in the wireless device." See Exhibit D.

51.     Claim 5 of the '551 Patent states:

"5. Computer program product of claim 1, wherein the server is an application server." See Exhibit D.

52.     Claim 7 of the '551 Patent states:

"7. Computer program product of claim 1, wherein the wireless device uses the internet to communicate with the server." See Exhibit D.

53.     Claim 9 of the '551 Patent states:

"9. Computer program product of claim 1, wherein the computer program product is configured to receive calls at the wireless device." See Exhibit D.

54.     Claim 12 of the '551 Patent states:

"12. Computer program product of claim 1, wherein the computer program product is configured to provide messages over the internet, or HTTP over the internet communication from the wireless device to the server." See Exhibit D.

55.     Claim 14 of the '551 Patent states:

"14. Computer program product of claim 1, wherein the computer program product is configured to establish and control communication between the wireless device and the server." See Exhibit D.

56.     Claim 22 of the '551 Patent recites a method of enabling a wireless device, located in a region, to initiate a network connection without using a network operator's home location register.

57.     Claim 22 of the '551 Patent states:

"22. A method of enabling a wireless device, located in a region, to initiate a network connection without using a network operator's home location register that covers that region, comprising the steps of:

(a) the wireless device using a module that is responsible for contacting a server to communicate with the server over a wireless link, wherein the wireless device includes the module that is implemented as software and that is downloadable to the wireless device;

(b) the wireless device using the module to send, over the wireless link, data to the server that defines a call request;

(c) in response to the call request, a software application running on the server deciding on the appropriate routing to a 3rd party end-user

for that call request without using the network operator's home or visitor location register." See Exhibit D.

58. Claim 23 of the '551 Patent recites system enabling a wireless device to communicate with the server to initiate a network connection without using a network operator's home location register.

59. Claim 23 of the '551 Patent states:

"23. A system comprising a wireless device located in a region and a server for enabling the wireless device to communicate with the server to initiate a network connection without using a network operator's home location register that covers that region, wherein the server includes a software application that functions as a calls manager, wherein:

(a) the wireless device is operable using a module that is responsible for contacting the server to communicate with the server over a wireless link, wherein the wireless device includes the module that is implemented as software and that is downloadable to the wireless device;

(b) the wireless device is operable using the module to send, over the wireless link, data to the server that defines a call request;

(c) in response to the call request, the calls manager software included on the server is operable to decide on the appropriate routing to a 3rd party end-user for that call request without using the network operator's home or visitor location register." See Exhibit D.

60. Claim 24 of the '551 Patent recites a server for enabling a wireless device to communicate with the server to initiate a network connection without using a network operator's home location register.

61. Claim 24 of the '551 Patent states:

"24. A server for enabling a wireless device to communicate with the server to initiate a network connection without using a network operator's home location register, wherein the server includes a software application that functions as a calls manager, wherein:

(a) the wireless device is operable using a module that is responsible for contacting the server to communicate with the server over a wireless link, wherein the wireless device includes the module that is implemented as software and that is downloadable to the wireless device;

(b) the wireless device is operable using the module to send, over the wireless link, data to the server that defines a call request;

(c) in response to the call request, the calls manager software included on the server is operable to decide on the appropriate routing to a 3rd party end-user for that call request without using that network operator's home or visitor location register." See Exhibit D.

62.     Defendant commercializes, inter alia, methods, systems, servers, and/or computer products that perform all the steps recited in at least one claim of the '551 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claims 1, 3, 4, 5, 7, 9, 12, 14, 22, 23, and/or 24 of the '551 Patent.  Specifically, Defendant makes, uses, sells, offers for sale, or imports a method, system, server, and/or computer product that enables a wireless device to initiate a network connection without using a network operator's home location register that encompasses that which is covered by Claims 1, 3, 4, 5, 7, 9, 12, 14, 22, 23, and/or 24 of the '551 Patent.

### THE PATENTS-IN-SUIT ARE INVENTIVE AND NOT ABSTRACT

63.     The '512 Patent, the '154 Patent, and the '551 Patent (the "Related Patents") provide specific, inventive solutions to problems that existed in the prior art. Specifically the Related Patents solved the problem of wireless devices being restricted to the use of a single home location register which significantly increased costs for consumers and created a major entry barrier to competitors seeking to offer lower cost services. See Exhibit A.

64.     The invention of the Related Patents allows a wireless device to initiate a network connection without using a network operator's home location register which allows the user to choose which server to use such as Wi-Fi or internet-based calling. *Id.* at 2:51-53.

65.     The server enables the connection by conferencing the wireless device and recipient into a single call. The server receives and detects incoming communications/calls by monitoring all the available external interfaces to the server. *Id.* at 2:62-65.

66.     The server initiates a local call to the device, using the information on the server's location data base and services database to correctly re-route a calling party to the device. The server maintains a database of location updates provided by the device. The server may also act as a VOIP server. *Id.* at 3:4-8.

67.     The device can include a module that is responsible for contacting the server. This module can be implemented as software that is downloadable to the device. The module establishes and controls communication between the device and the server and provides location updates to the server. The module therefore monitors the wireless network name and country code associated with the device. *Id*. at 3:9-16.

68.     The Related Patents thus created an inventive way for wireless devices to connect to a network by bypassing home location registers that increased costs for consumers and prevented market competition.

69.     The '575 Patent also provides specific, inventive solutions to problems that existed in the prior art that enabled (a) reliable data exchange from such server or servers to any device connected to the internet and/or (b) communication between any different devices connected to the internet to at least one of the system servers, provided that any such devices are subscribed to the Dynamic VoIP location system server service. See Exhibit C at 1:21-26.

70.     Prior art systems and methods for identifying the VoIP location of a device user (be it a fixed or wireless device) connected to the internet to which to send data to is commonly done by means of the device user, at the time it requires certain data, to then access a so called

URI (uniform resource identifier) consisting of a URL (uniform resource locator) and a URN (uniform resource name) and receive a reply to its "return path" with the data it required. This return path is what we refer to in this invention as the user's device VoIP location. This commonly used way of receiving data on demand when the user requires it and extracts it itself through the internet (VoIP) is cumbersome and inflexible as it does not allow receipt of the latest, most up-to-date data or information as and when it becomes available as the user may simply not know the data he requires is available to him. *Id.* at 1:28-43

71.     Even the most recent systems, such as those known as "Push Notification systems, do not have access to mobile operator's mobile devices VoIP "Routing Area", which would provide the reliable information needed to extract the return path or "VoIP location" described herein. This remains a major technical issue still not resolved by the prior art systems. A key aspect inherent to the complexity of VoIP networks all interconnected to each other, is that firewalls further complicate and reduce the reliability of most solutions. Another aspect that is not resolved in both fixed and wireless devices, and is most critical in wireless devices, is the power consumption used when having to access very often specific URLs to see if any more updated or required information is available to the fixed or wireless device users, only to find out (more often than not) that the access, with the corresponding data use and power consumption, was unnecessary. *Id.* at 2:6-21.

72.     The '575 Patent was designed to overcome the short comings of the prior art and to provide an automated way of identifying and reporting those VoIP return paths or "VoIP location addresses to a database for Subsequent use by all kinds of different applications, with access to Such database(s) for all those device users connected to the internet (VoIP) and subscribed to the Dynamic VoIP location system described herein. Moreover, the present

invention addresses in particular the need for power consumption reduction, in particular for wireless devices using this invention, whilst maintaining the reliability of the near real-time updating of the VoIP return paths or "VoIP location addresses of each mobile device user connected to the internet (VoIP) and subscribed to this Dynamic VoIP location system described herein. *Id.* at 31-46.

73.     Other systems known in the prior art make use of so called Push Notification systems, whereby the mobile device application is also Subscribed to the push notification system of a 3rdparty, different then the VoIP service provider. In this latter system, the mobile phone has the VoIP service provider application Switched off waiting for the push notification system to notify the mobile device with an incoming request, be it an incoming message or an incoming call. This previous system or method, whilst ensuring the battery use of the mobile device is minimal, does not ensure a reliable return path. That is because the mobile device may have changed WiFi router or mobile network VoIP "Routing Area'. On many occasions, it would not receive the push notification when on the move, and as such this approach becomes impractical for daily use for mobile devices. *Id.* at 2:62 – 3:9.

74.     The present invention resolves both key technical aspects of the prior art, namely a reliable return path (i.e., VoIP location) whilst ensuring minimal required power consumption. This is achieved by doing things differently from the prior art. Namely, this invention does not rely on the mobile network VoIP "Routing Area" as it does not have access to it. Instead however, it relies on the mobile device downloadable software module, which at any change of VoIP access method or name, authenticates and connects to the Dynamic VoIP location system to which the mobile device is subscribed to and described herein. The combination of this software module (downloadable to each mobile device) together with the dynamic return path

(VoIP location) extraction at the server of each mobile device connected to the server to which its subscribed to, jointly form the Dynamic VoIP location system. As the mobile software module additionally checks if any other application is running on the mobile device other than itself, including in standby mode, it will close all other applications (such as for example the application of the previous mentioned SIP service provider) AND will switch the VoIP access method of the mobile phone to the smallest bandwidth available to such mobile phone, for example switching from 3G/UMTS/WCDMA to GPRS.

75.     The '575 Patent thus provides a specific and inventive solution to a computer centric problem. The '575 Patent reduces power consumption of the mobile phone whilst still ensuring VoIP connection that is more reliable. Id. at 3:33-40. The '575 Patent also reduces the probability of error, to synchronize a database from a private individual or business with the database of a 3rd party, performed in a fully automated and dynamic manner by the 3rd party, with express consent of such private individual or business. *Id.* at 3:60-65.

### DEFENDANT'S PRODUCT(S)

### U.S. 8,861,512

76.     Defendant offers solutions, such as "FreeConferenceCall" (the "Accused Product") communications software.

77.     A non-limiting and exemplary claim chart comparing the Accused Product to Claims 1, 12, 23, and 24 of the '512 Patent is attached hereto as Exhibit E and is incorporated herein as if fully rewritten.

78.     As recited in Claim 1, the Accused Product discloses a method of enabling a wireless device (e.g., Smartphone), located in a region, to initiate a network connection (e.g., SIP Invite) without using a network operator's home location register that covers that region. The

accused product uses Internet or IP network for calling. As shown below, the Accused Product doesn't make use of home location register (e.g., HLR).  See Exhibit E.

79.     As recited in one step of Claim 1, the wireless device (e.g., Smartphone) using a module (e.g., FreeConferenceCall application) that is responsible for contacting a server (e.g., FreeConferenceCall Server) to communicate with the server (e.g., FreeConferenceCall Server) over a wireless link (e.g., Wi-Fi/Cellular link), wherein the wireless device (e.g., Smartphone) includes the module (e.g., FreeConferenceCall application) that is implemented as software and that is downloadable to the wireless device (e.g., Smartphone). See Exhibit E.

80.     As recited in another step of Claim 1, the wireless device (e.g., Smartphone) using the module (e.g., FreeConferenceCall application) to send, over the wireless link (e.g., Wi-Fi/Cellular link), data to the server (e.g., FreeConferenceCall Server) that defines a call request (e.g., Invite signal from caller to server). See Exhibit E.

81.     As recited in another step of Claim 1, in response to the call request (e.g., Invite signal from caller to server), a software application (e.g., software pertaining to SIP proxy running at FreeConferenceCall server to route/manage calls) running on the server (e.g., FreeConferenceCall Server) deciding on the appropriate routing (e.g., Invite signal from server to callee) to a third party end-user (e.g., Other users using FreeConferenceCall application) over all available networks for that call request (e.g., Invite signal from caller to server) without using the network operator's home or visitor location register. See Exhibit E.

82.     As recited in Claim 12, the module (e.g., FreeConferenceCall application) establishes and control communication (e.g., SIP communication) between the wireless device (e.g., Smartphone) and the server (e.g., FreeConferenceCall Server). See Exhibit E.

83.     As recited in Claim 23, the Accused Product discloses a system comprising a wireless device (e.g., Smartphone) located in a region and a server (e.g., FreeConferenceCall Server) for enabling the wireless device (e.g., Smartphone) to communicate with the server (e.g., FreeConferenceCall Server) to initiate a network connection (e.g., SIP Invite) without using a network operator's home location register that covers that region, wherein the server includes a software application (e.g., software running at FreeConferenceCall Server to route/manage calls) that functions as a calls manager. See Exhibit E.

84.     As recited in one step of Claim 23, the wireless device (e.g., Smartphone) is operable using a module (e.g., FreeConferenceCall application) that is responsible for contacting a server (e.g., FreeConferenceCall Server) to communicate with the server (e.g., FreeConferenceCall Server) over a wireless link (e.g., Wi-Fi/Cellular link), wherein the wireless device (e.g., Smartphone) includes the module (e.g., FreeConferenceCall application) that is implemented as software and that is downloadable to the wireless device (e.g., Smartphone). See Exhibit E.

85.     As recited in another step of Claim 23, the wireless device (e.g., Smartphone) is operable using the module (e.g., FreeConferenceCall application) to send, over the wireless link (e.g., Wi-Fi/Cellular link), data to the server (e.g., FreeConferenceCall Server) that defines a call request (e.g., Invite signal from caller to server). See Exhibit E.

86.     As recited in another step of Claim 23, in response to the call request (e.g., Invite signal from caller to server), the calls manager software (e.g., software pertaining to SIP proxy running at FreeConferenceCall Server to route/manage calls) included on the server (e.g., FreeConferenceCall Server) is operable to decide on the appropriate routing (e.g., Invite signal from server to callee) to a third party end-user (e.g., Other users using FreeConferenceCall) over

all available networks for that call request (e.g., Invite signal from caller to server) without using the network operator's home or visitor location register. See Exhibit E.

87.     As recited in Claim 24, the Accused Product discloses a server enabling a wireless device (e.g., Smartphone) to communicate with the server (e.g., FreeConferenceCall Server) to initiate a network connection (e.g., SIP invite) without using a network operator's home location register that covers that region, wherein the server includes a software application (e.g., software running at FreeConferenceCall Server to route/manage calls) that functions as a calls manager. See Exhibit E.

88.     As recited in one step of Claim 24, the wireless device (e.g., Smartphone) is operable using a module (e.g., FreeConferenceCall application) that is responsible for contacting a server (e.g., FreeConferenceCall Server) to communicate with the server (e.g., FreeConferenceCall Server) over a wireless link (e.g., Wi-Fi/Cellular link), wherein the wireless device (e.g., Smartphone) includes the module (e.g., FreeConferenceCall application) that is implemented as software and that is downloadable to the wireless device (e.g., Smartphone). See Exhibit E.

89.     As recited in another step of Claim 24, the wireless device (e.g., Smartphone) is operable using the module (e.g., FreeConferenceCall application) to send, over the wireless link (e.g., Wi-Fi/Cellular link), data to the server (e.g., FreeConferenceCall Server) that defines a call request (e.g., Invite signal from caller to server). See Exhibit E.

90.     As recited in another step of Claim 24, in response to the call request (e.g., Invite signal from caller to server), call manager software (e.g., software pertaining to SIP proxy running at FreeConferenceCall Server to route/manage calls) included on the server (e.g., FreeConferenceCall Server) is operable to decide on the appropriate routing (e.g., Invite signal

from server to callee) to a 3rd party end-user (e.g., Other users using FreeConferenceCall) for that call request without using the network operator's home or visitor location register. See Exhibit E.

91.     The elements described in the preceding paragraphs are covered by at least Claims 1, 12, 23, and/or 24 of the '512 Patent. Thus, Defendant's use of the Accused Product is enabled by the method, system, and/or server described in the '512 Patent.

## U.S. 9,173,154

92.     Defendant offers solutions, such as "FreeConferenceCall" (the "Accused Product") communications software.

93.     A non-limiting and exemplary claim chart comparing the Accused Product to Claims 1, 11, 22, 23, and 24 of the '154 Patent is attached hereto as Exhibit F and is incorporated herein as if fully rewritten.

94.     As recited in Claim 1, the Accused Product discloses a method of enabling a wireless handheld cellular phone device (e.g., Smartphone), located in a region, to initiate a network connection (e.g., SIP Invite) without using a network operator's home location register that covers that region. The Accused Product uses Internet or IP network for calling. As shown below, the accused product doesn't make use of home location register (e.g., HLR). See Exhibit F.

95.     As recited in one step of Claim 1, the wireless handheld cellular phone device (e.g., Smartphone) using a module (e.g., FreeConferenceCall application) that is responsible for contacting a server (e.g., FreeConferenceCall Server) to communicate with the server (e.g., FreeConferenceCall Server) over a wireless link (e.g., Wi-Fi/Cellular link), wherein the wireless handheld cellular phone device (e.g., Smartphone) includes the module (e.g.,

FreeConferenceCall application) that is implemented as software and that is downloadable to the wireless handheld cellular phone device (e.g., Smartphone). See Exhibit F.

96.     As recited in another step of Claim 1, the wireless handheld cellular phone device (e.g., Smartphone) using the module (e.g., FreeConferenceCall application) to send, over the wireless link (e.g., Wi-Fi/Cellular link), data to the server (e.g., FreeConferenceCall Server) that defines a call request (e.g., Invite signal from caller to server). See Exhibit F.

97.     As recited in another step of Claim 1, in response to the call request (e.g., Invite signal from caller to server), a software application (e.g., software pertaining to SIP proxy running at FreeConferenceCall Server to route/manage calls) running on the server (e.g., FreeConferenceCall Server) deciding on the appropriate routing (e.g., Invite signal from server to callee) to a third party end-user (e.g., Other users using FreeConferenceCall) over all available networks for that call request (e.g., Invite signal from caller to server) without using the network operator's home or visitor location register. See Exhibit F.

98.     As recited in Claim 11, the module (e.g., FreeConferenceCall application) establishes and controls communication (e.g., SIP communication) between the wireless device (e.g., Smartphone) and the server. See Exhibit F.

99.     As recited in Claim 22, the Accused Product discloses a system comprising a wireless handheld cellular phone device (e.g., Smartphone) located in a region and a server (e.g., FreeConferenceCall Server) for enabling the wireless handheld cellular phone device (e.g., Smartphone) to communicate with the server (e.g., FreeConferenceCall Server) to initiate a network connection (e.g., SIP Invite) without using a network operator's home location register that covers that region, wherein the server includes a software application (e.g., software running

at FreeConferenceCall Server to route/manage calls) that functions as a calls manager. See Exhibit F.

100.    As recited in one step of Claim 22, the wireless handheld cellular phone device (e.g., Smartphone) is operable using a module (e.g., FreeConferenceCall application) that is responsible for contacting a server (e.g., FreeConferenceCall Server) to communicate with the server (e.g., FreeConferenceCall Server) over a wireless link (e.g., Wi-Fi/Cellular link), wherein the wireless handheld cellular phone device (e.g., Smartphone) includes the module (e.g., FreeConferenceCall application) that is implemented as software and that is downloadable to the wireless handheld cellular phone device (e.g., Smartphone). See Exhibit F.

101.    As recited in another step of Claim 22, the wireless handheld cellular phone device (e.g., Smartphone) is operable using the module (e.g., FreeConferenceCall application) to send, over the wireless link (e.g., Wi-Fi/Cellular link), data to the server (e.g., FreeConferenceCall Server) that defines a call request (e.g., Invite signal from caller to server). See Exhibit F.

102.    As recited in another step of Claim 22, in response to the call request (e.g., Invite signal from caller to server), the calls manager software (e.g., software pertaining to SIP proxy running at FreeConferenceCall Server to route/manage calls) included on the server (e.g., FreeConferenceCall Server) is operable to decide on the appropriate routing (e.g., Invite signal from server to callee) to a third party end-user (e.g., Other users using FreeConferenceCall) over all available networks for that call request (e.g., Invite signal from caller to server) without using the network operator's home or visitor location register. See Exhibit F.

103.    As recited in Claim 23, the Accused Product discloses a server enabling a wireless handheld cellular phone device (e.g., Smartphone) to communicate with the server (e.g.,

FreeConferenceCall Server) to initiate a network connection (e.g., SIP invite) without using a network operator's home location register that covers that region, wherein the server includes a software application (e.g., software running at FreeConferenceCall Server to route/manage calls) that functions as a calls manager. See Exhibit F.

104.    As recited in one step of Claim 23, the wireless handheld cellular phone device (e.g., Smartphone) is operable using a module (e.g., FreeConferenceCall application) that is responsible for contacting a server (e.g., FreeConferenceCall Server) to communicate with the server (e.g., FreeConferenceCall Server) over a wireless link (e.g., Wi-Fi/Cellular link), wherein the wireless handheld cellular phone device (e.g., Smartphone) includes the module (e.g., FreeConferenceCall application) that is implemented as software and that is downloadable to the wireless handheld cellular phone device (e.g., Smartphone). See Exhibit F.

105.    As recited in another step of Claim 23, the wireless handheld cellular phone device (e.g., Smartphone) is operable using the module (e.g., FreeConferenceCall application) to send, over the wireless link (e.g., Wi-Fi/Cellular link), data to the server (e.g., FreeConferenceCall Server) that defines a call request (e.g., Invite signal from caller to server). See Exhibit F.

106.    As recited in another step of Claim 23, in response to the call request (e.g., Invite signal from caller to server), call manager software (e.g., software pertaining to SIP proxy running at FreeConferenceCall Server to route/manage calls) included on the server (e.g., FreeConferenceCall Server) is operable to decide on the appropriate routing (e.g., Invite signal from server to callee) to a third party end-user (e.g., Other users using FreeConferenceCall) for that call request (e.g., Invite signal from caller to server) without using the network operator's home or visitor location register. See Exhibit F.

26

107.    As recited in Claim 24, the Accused Product discloses a computer program product (e.g., FreeConferenceCall application) embodied on a non-transitory storage medium (e.g., Smartphone's memory), the computer program product (e.g., FreeConferenceCall application) when executing on a wireless handheld cellular phone device (e.g., Smartphone) configured to enable the wireless handheld cellular phone device (e.g., Smartphone), when located in a region, to initiate a network connection (e.g., SIP Invite) without using a network operator's home location register that covers that region. The Accused Product uses Internet or IP network for calling. Hence, it bypasses network operator's home location register as Wi-Fi/Cellular or internet based calling does not require home location register (HLR) See Exhibit F.

108.    As recited in one step of Claim 24, the Accused Product contacts a server (e.g., FreeConferenceCall Server) to communicate with the server (e.g., FreeConferenceCall Server) over a wireless link (e.g., Wi-Fi/Cellular link). See Exhibit F.

109.    As recited in another step of Claim 24, the Accused Product sends, over the wireless link (e.g., Wi-Fi/Cellular link), data to the server (e.g., FreeConferenceCall Server) that defines a call request (e.g., Invite signal from caller to server). See Exhibit F.

110.    As recited in another step of Claim 24, in response to the call request (e.g., Invite signal from caller to server), a software application (e.g., software running at FreeConferenceCall Server to route/manage calls running on the server (e.g., FreeConferenceCall Server) decides on the appropriate routing (e.g., Invite signal from server to callee) to a 3rd party end-user (e.g., Other users using FreeConferenceCall) for that call request (e.g., Invite signal from caller to server) without using the network operator's home or visitor location register, and wherein the computer program product (e.g., FreeConferenceCall

application) is downloadable to the wireless handheld cellular phone device (e.g., Smartphone). See Exhibit F.

111.   The elements described in the preceding paragraphs are covered by at least Claims 1, 11, 22, 23, and/or 24 of the '154 Patent. Thus, Defendant's use of the Accused Product is enabled by the method, system, server, and/or computer product described in the '154 Patent.

## U.S. 9,369,575

112.   Defendant offers solutions, such as "FreeConferenceCall App" (the "Accused Instrumentality") communications smartphone application.

113.   A non-limiting and exemplary claim chart comparing the Accused Instrumentality to Claim 1 of the '575 Patent is attached hereto as Exhibit G and is incorporated herein as if fully rewritten.

114.   As recited in Claim 1, a system utilized by the Accused Instrumentality is a system for detecting or determining any given "VoIP (Voice over internet protocol) location" (e.g., IP address of a user device enabled with FreeConferenceCall application) of any "VoIP enabled wireless device registered to the system" (e.g., a user device such as a smartphone enabled with FreeConferenceCall application) by extracting any such device's "VoIP address or return path" (e.g., IP address of a user device enabled with FreeConferenceCall application) and storing it and updating it in one or more accessible databases (e.g., FreeConferenceCall databases), the system including a server (e.g., FreeConferenceCall Server), a VoIP enabled wireless device registered to the server (e.g., a user device such as a smartphone enabled with FreeConferenceCall application) and a software module (e.g., FreeConferenceCall application) downloadable from the server (e.g., FreeConferenceCall Server) to the VoIP enabled wireless device (e.g., a user device such as a smartphone enabled with FreeConferenceCall application).

28

The system utilized by the Accused Instrumentality comprises a FreeConferenceCall Server, a user device such as a smartphone enabled with FreeConferenceCall application and FreeConferenceCall application. The FreeConferenceCall application can be installed into a user smartphone device. The Accused Instrumentality also determines and collects IP address (i.e., VoIP address or VoIP location) of the user smartphone device. See Exhibit G.

115.   As recited in one step of Claim 1, the system utilized by the accused instrumentality is the system which is adapted to receive VoIP communications (e.g., voice calling over IP network) from multiple VoIP enabled wireless devices (e.g., user devices such as smartphones enabled with FreeConferenceCall application). The Accused Instrumentality provides voice calling functionality over IP network between users. See Exhibit G.

116.   As recited in another step of Claim 1, the system utilized by the Accused Instrumentality is the system which enables access to information in one or more databases. Upon information and belief, when a user initiates a call request for a contact, the system utilized by the accused instrumentality access one or more databases associated with FreeConferenceCall Server to determine the user identification and/or device identification corresponding to the called contact. The system determines the status of the contacted user's device and forwards the call to the corresponding IP address associated with the contacted user. The system updates the user's activity and log information in the corresponding databases. See Exhibit G.

117.   As recited in another step of Claim 1, the system utilized by the Accused Instrumentality is the system which is capable of extracting and reporting dynamically the "VoIP address or return path" (e.g., IP address of a user device enabled with FreeConferenceCall application) and all associated information (e.g., all information collected by the Accused Instrumentality) from each incoming data communication from any "VoIP enabled wireless

device registered to the system" (e.g., a user device such as a smartphone enabled with FreeConferenceCall application) into a database(s) associated with each corresponding registered VoIP enabled wireless device (e.g., a user device such as a smartphone enabled with FreeConferenceCall application) user account. The Accused Instrumentality extracts and updates a user device enabled with FreeConferenceCall application's IP address. The Accused Instrumentality stores the IP address, call log information, device identifiers in the databases corresponding to the user. See Exhibit G.

118.    As recited in another step of Claim 1, the system utilized by the Accused Instrumentality is the system which is capable of extracting a specific "VoIP address or return path" (e.g., an IP address of a user device such as a smartphone enabled with FreeConferenceCall application) and all associated information (e.g., device information, hardware information, online status information, etc.) corresponding to a specific registered VoIP enabled wireless device user account (e.g., a user device such as a smartphone enabled with FreeConferenceCall application) from the system accessible database(s) and communicating with each specific VoIP enabled wireless device (e.g., user device of the called contact such as a smartphone enabled with FreeConferenceCall application) registered to the system through each specific "VoIP address or return path" (e.g., an IP address of the user device of the called contact such as a smartphone enabled with FreeConferenceCall application). The Accused Instrumentality provides voice calling functionality over IP network between users. The Accused Instrumentality extracts and updates IP addresses of the user devices in its databases. The Accused Instrumentality enables a user to call a contact by extracting the contacted user's IP address and initiating call procedure corresponding to that IP address. See Exhibit G.

119.   As recited in another step of Claim 1, the system utilized by the Accused Instrumentality practices such that the VoIP enabled wireless device (e.g., a user device such as a smartphone enabled with FreeConferenceCall application) registered to the server (e.g., FreeConferenceCall Server) incorporates the software module (e.g., FreeConferenceCall application), which at certain time intervals (e.g., FreeConferenceCall app polls the FreeConferenceCall Server after regular intervals) authenticates and connects to the server (e.g., FreeConferenceCall Server) which is part of the system. A user verifies its phone number with the system utilized by the Accused Instrumentality to access the service provided by the system. The system authenticates the user and connects the user to the FreeConferenceCall Server. See Exhibit G.

120.   As recited in another step of Claim 1, the system utilized by the Accused Instrumentality practices such that a time between each time interval of the registered VoIP enabled wireless device (e.g., a user device such as a smartphone enabled with FreeConferenceCall application) authenticating and connecting with the server (e.g., FreeConferenceCall Server) is less than a time allowed by the registered VoIP enabled wireless device (e.g., a user device such as a smartphone enabled with FreeConferenceCall application) to receive a response from the server (e.g., FreeConferenceCall Server). When a user device such as a smartphone enabled with FreeConferenceCall application, during a FreeConferenceCall voice call, switches from cellular network to Wi-Fi network or vice versa, the IP address of the user device changes. The Accused Instrumentality provides seamless and smooth voice calling functionality even when the user device changes the network. The Accused Instrumentality must take less time to authenticate and connect the user device with a new IP address to the FreeConferenceCall Server than a time allowed by the user device to receive a voice calling

response from the server to ensure no data packet loss. The Accused Instrumentality performs voice calling over IP network. See Exhibit G.

121.    The elements described in the preceding paragraphs are covered by at least Claim 1 of the '575 Patent. Thus, Defendant's use of the Accused Product is enabled by the method, system, server, and/or computer product described in the '575 Patent.

## U.S. 9,591,551

122.    Defendant offers solutions, such as the "FreeConferenceCall" (the "Accused Product") communications software.

123.    A non-limiting and exemplary claim chart comparing the Accused Product to Claims 1, 3, 4, 5, 7, 9, 12, 14, 22, 23, and 24 of the '551 Patent is attached hereto as Exhibit H and is incorporated herein as if fully rewritten.

124.    As recited in Claim 1, the Accused Product discloses a computer program product (e.g., FreeConferenceCall) embodied on a non-transitory storage medium (e.g., Smartphone's memory), the computer program product (e.g., FreeConferenceCall) when executing on a wireless device (e.g., Smartphone) configured to enable the wireless device (e.g., Smartphone), when located in a region, to initiate a network connection (e.g., SIP Invite) without using a network operator's home location register that covers that region. The Accused Product uses Internet or IP network for calling. As shown below, the accused product doesn't make use of home location register (e.g., HLR). See Exhibit H.

125.    As recited in one step of Claim 1, the Accused Product contacts a server (e.g., FreeConferenceCall Server) to communicate with the server (e.g., FreeConferenceCall Server) over a wireless link (e.g., Wi-Fi/Cellular link). See Exhibit H.

126.    As recited in another step of Claim 1, the Accused Product sends, over the wireless link (e.g., Wi-Fi/Cellular link), data to the server (e.g., FreeConferenceCall Server) that defines a call request (e.g., Invite signal from caller to server). See Exhibit H.

127.    As recited in another step of Claim 1, in response to the call request (e.g., Invite signal from caller to server), a software application (e.g., software running at FreeConferenceCall Server to route/manage calls) running on the server (e.g., FreeConferenceCall Server) decides on the appropriate routing (e.g., Invite signal from server to callee) to a 3rd party end-user (e.g., Other users using FreeConferenceCall) for that call request (e.g., Invite signal from caller to server) without using the network operator's home or visitor location register. See Exhibit H.

128.    As recited in Claim 3, the computer program product (e.g., FreeConferenceCall) is downloadable (e.g., install) to the wireless device (e.g., Smartphone). See Exhibit H.

129.    As recited in Claim 4, the computer program product (e.g., FreeConferenceCall) is embedded to the wireless device (e.g., Smartphone). See Exhibit H.

130.    As recited in Claim 5, the computer program product (e.g., FreeConferenceCall) uses an application server (e.g., FreeConferenceCall Server). See Exhibit H.

131.    As recited in Claim 7, the computer program product (e.g., FreeConferenceCall) uses the wireless device (e.g., Smartphone) uses the internet (e.g., Wi-Fi/Cellular) to communicate with the server (e.g., FreeConferenceCall Server). See Exhibit H.

132.    As recited in Claim 9, the computer program product (e.g., FreeConferenceCall) is configured to receive calls (e.g., voice calls) at the wireless device (e.g., Smartphone). See Exhibit H.

133.    As recited in Claim 12, the computer program product (e.g., FreeConferenceCall) is configured to provide messages (e.g., Instant Messages (IM)) over the internet (e.g., Wi-Fi/Cellular) from the wireless device (e.g., Smartphone) to the server (FreeConferenceCall Server). See Exhibit H.

134.    As recited in Claim 14, the computer program product (e.g., FreeConferenceCall) is configured to establish and control communication (e.g., SIP communication) between the wireless device (e.g., Smartphone) and the server (e.g., FreeConferenceCall Server). See Exhibit H.

135.    As recited in Claim 22, the Accused Product discloses a method of enabling a wireless device (e.g., Smartphone), located in a region, to initiate a network connection (e.g., SIP Invite) without using a network operator's home location register that covers that region. The Accused Product uses Internet or IP network for calling. Hence, it bypasses network operator's home location register as Wi-Fi/Cellular or internet based calling does not require home location register (HLR). See Exhibit H.

136.    As recited in one step of Claim 22, the wireless device (e.g., Smartphone) using a module (e.g., FreeConferenceCall) that is responsible for contacting a server (e.g., FreeConferenceCall Server) to communicate with the server (e.g., FreeConferenceCall Server) over a wireless link (e.g., Wi-Fi/Cellular link), wherein the wireless device (e.g., Smartphone) includes the module (e.g., FreeConferenceCall) that is implemented as software and that is downloadable to the wireless device (e.g., Smartphone). See Exhibit H.

137.    As recited in another step of Claim 22, the wireless device (e.g., Smartphone) using the module (e.g., FreeConferenceCall) to send, over the wireless link (e.g., Wi-Fi/Cellular

link), data to the server (e.g., FreeConferenceCall Server) that defines a call request (e.g., Invite signal from caller to server). See Exhibit H.

138.    As recited in another step of Claim 22, in response to the call request (e.g., Invite signal from caller to server), a software application (e.g., software running at FreeConferenceCall Server to route/manage calls) running on the server (e.g., FreeConferenceCall Server) deciding on the appropriate routing (e.g., Invite signal from server to callee) to a 3rd party end-user (e.g., Other users using FreeConferenceCall) for that call request (e.g., Invite signal from caller to server) without using the network operator's home or visitor location register. See Exhibit H.

139.    As recited in Claim 23, the Accused Product discloses a system comprising a wireless device (e.g., Smartphone) located in a region and a server (e.g., FreeConferenceCall Server) for enabling the wireless device (e.g., Smartphone) to communicate with the server (e.g., FreeConferenceCall Server) to initiate a network connection (e.g., SIP Invite) without using a network operator's home location register that covers that region, wherein the server includes a software application (e.g., software running at FreeConferenceCall Server to route/manage calls) that functions as a calls manager. See Exhibit H.

140.    As recited in one step of Claim 23, the wireless device (e.g., Smartphone) is operable using a module (e.g., FreeConferenceCall) that is responsible for contacting a server (e.g., FreeConferenceCall Server) to communicate with the server (e.g., FreeConferenceCall Server) over a wireless link (e.g., Wi-Fi/Cellular link), wherein the wireless device (e.g., Smartphone) includes the module (e.g., FreeConferenceCall) that is implemented as software and that is downloadable to the wireless device (e.g., Smartphone). See Exhibit H.

141.    As recited in another step of Claim 23, the wireless device (e.g., Smartphone) is operable using the module (e.g., FreeConferenceCall) to send, over the wireless link (e.g., Wi-Fi/Cellular link), data to the server (e.g., FreeConferenceCall Server) that defines a call request (e.g., Invite signal from caller to server). See Exhibit H.

142.    As recited in another step of Claim 23, in response to the call request (e.g., Invite signal from caller to server), the call manager software (e.g., software pertaining to SIP proxy running at FreeConferenceCall Server to route/manage calls) included on the server (e.g., FreeConferenceCall Server) is operable to decide on the appropriate routing (e.g., Invite signal from server to callee) to a 3rd party end-user (e.g., Other users using FreeConferenceCall) for that call request without using the network operator's home or visitor location register. See Exhibit H.

143.    As recited in Claim 24, the Accused Product discloses a server enabling a wireless device (e.g., Smartphone) to communicate with the server (e.g., FreeConferenceCall Server) to initiate a network connection (e.g., SIP invite) without using a network operator's home location register that covers that region, wherein the server includes a software application (e.g., software running at FreeConferenceCall Server to route/manage calls) that functions as a calls manager. See Exhibit H.

144.    As recited in one step of Claim 24, the wireless device (e.g., Smartphone) is operable using a module (e.g., FreeConferenceCall) that is responsible for contacting a server (e.g., FreeConferenceCall Server) to communicate with the server (e.g., FreeConferenceCall Server) over a wireless link (e.g., Wi-Fi/Cellular link), wherein the wireless device (e.g., Smartphone) includes the module (e.g., FreeConferenceCall) that is implemented as software and that is downloadable to the wireless device (e.g., Smartphone). See Exhibit H.

145.    As recited in another step of Claim 24, the wireless device (e.g., Smartphone) is operable using the module (e.g., FreeConferenceCall) to send, over the wireless link (e.g., Wi-Fi/Cellular link), data to the server (e.g., FreeConferenceCall Server) that defines a call request (e.g., Invite signal from caller to server). See Exhibit H.

146.    As recited in another step of Claim 24, in response to the call request (e.g., Invite signal from caller to server), call manager software (e.g., software pertaining to SIP proxy running at FreeConferenceCall Server to route/manage calls) included on the server (e.g., FreeConferenceCall Server) is operable to decide on the appropriate routing (e.g., Invite signal from server to callee) to a 3rd party end-user (e.g., Other users using FreeConferenceCall) for that call request (e.g., Invite signal from caller to server) without using the network operator's home or visitor location register. See Exhibit H.

147.    The elements described in the preceding paragraphs are covered by at least Claims 1, 3, 4, 5, 7, 9, 12, 14, 22, 23, and/or 24 of the '551 Patent. Thus, Defendant's use of the Accused Product is enabled by the method, system, server, and/or computer product described in the '551 Patent.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

148.    Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs

149.    In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '512 Patent, the '154 Patent, the '575 Patent, and the '551 Patent.

150.    Defendant has had knowledge of infringement of the '512 Patent, the '154 Patent, the '575 Patent, and the '551 Patent at least as of the service of the present Complaint.

151.    Defendant has directly infringed and continues to directly infringe at least one claim of the '512 Patent, the '154 Patent, the '575 Patent, and the '551 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court.  As a direct and proximate result of Defendant's direct infringement of the '512 Patent, the '154 Patent, the '575 Patent, and the '551 Patent, Plaintiff has been and continues to be damaged.

152.    Defendant has induced others to infringe the '512 Patent, the '154 Patent, the '575 Patent, and the '551 Patent by encouraging infringement, knowing that the acts Defendant induced constituted patent infringement, and its encouraging acts actually resulted in direct patent infringement.

153.    By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '512 Patent, the '154 Patent, the '575 Patent, and the '551 Patent, pursuant to 35 U.S.C. § 271.

154.    Defendant has committed these acts of infringement without license or authorization.

155.    As a result of Defendant's infringement of the '512 Patent, the '154 Patent, the '575 Patent, and the '551 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

156.    Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

157.    Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint.  The claim charts depicted in Exhibits E, F, G, and H are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

158.    Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.  That Defendant be adjudged to have directly infringed the '512 Patent, the '154 Patent, the '575 Patent, and the '551 Patent either literally or under the doctrine of equivalents;

b.  An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c.  That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '512 Patent, the '154 Patent, the '575 Patent, and the '551 Patent;

d.  An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e.   An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f.   That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g.   That Plaintiff be granted such other and further relief as this Court may deem just and proper.


Dated: June 2, 2021                         Respectfully submitted,

                                            CHONG LAW FIRM PA

                                            */s/ Jimmy Chong*_____
                                            Jimmy Chong (#4839)
                                            2961 Centerville Road, Suite 350
                                            Wilmington, DE 19808
                                            Telephone: (302) 999-9480
                                            Facsimile: (877) 796-4627
                                            Email: chong@chonglawfirm.com


                                            Andrew S. Curfman (*Pro hac vice*)
                                            SAND, SEBOLT & WERNOW CO., LPA
                                            Aegis Tower – Suite 1100
                                            4940 Munson Street NW
                                            Canton, Ohio 44718
                                            Telephone: (330) 244-1174
                                            Facsimile: (330) 244-1173
                                            andrew.curfman@sswip.com

                                            ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy has been electronically filed using the CM/ECF filing system, which automatically sends email notifications to all counsel of record and which will permit viewing and downloading of same from the CM/ECF system on June 2, 2021.

*/s/ Jimmy Chong*
Jimmy Chong (#4839)